## THE TOWN OF ANSONIA *vs.* ALFRED COOPER ET AL.

Third Judicial District, New Haven, June Term, 1894.  ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, JS.

A tenant who owned but a life interest in certain land sold and conveyed the same by warranty deed in fee, and the vendee, who at once took and retained possession, paid for, and believed he had acquired, an absolute title in fee. Upon the death of the life tenant some years later, the remainderman, with full knowledge of all the facts and with an intent to confirm the sale as made, accepted and appropriated to his own use that portion of the consideration money which had not been expended by the life tenant. *Held* that he had thereby ratified the unauthorized sale made by the life tenant and thereafter had no interest in the land or in the money awarded for its condemnation to public uses. *Held* also that an assignment of his interest pending the condemnation proceedings gave his assignee no other or greater right than he himself had.

[Submitted on briefs June 8th—decided July 9th, 1894.]

PETITION for the appointment of a committee to deter-
mine the compensation to be paid for certain real estate
taken for school purposes; brought to the Superior Court
in New Haven County and tried to the court, *Prentice, J.*
The committee was duly appointed and the amount deter-
mined upon by them as just compensation for the land taken
was paid into court, and thereupon the defendants, who
claimed the fund, interpleaded their respective rights. The
defendant Alfred Cooper disclaimed all interest in the fund.
To the answer and claim of Henry G. Alling, the claimant
Elizabeth Downs demurred; the court sustained the demur-
rer and rendered judgment in favor of Elizabeth Downs,
and the claimant Alling appealed for alleged errors in the
rulings of the court in sustaining the demurrer. *Error and
judgment sustaining demurrer reversed.*

The case is sufficiently stated in the opinion.

*V. Munger*, for the appellant, Henry G. Alling.

I. Alfred Cooper, under whom the appellee claims, is es-
topped from questioning the legality of the sale of the land
made by his mother. He "stood by" in the language of
the cases, permitted the real estate to be sold, and knew
that purchasers were spending their money in the full belief
that they were getting a title in fee simple. And subse-
quently when he accepted and appropriated to his own use
the unexpended portion of the consideration money he rati-
fied and confirmed the sale as made by his mother, the life
tenant. *Cairncross* v. *Lorimer*, 3 Macq. H. L. Cases, 839;
*Anderson* v. *Hubbel*, 93 Ind., 570; 2 Smith's Leading Cases,
7th Amer. Ed., p. 737; *Griggs* v. *Von Phul*, 1 Wall., 274;
*Morgan* v. *Chicago & Alton R. R. Co.*, 96 U. S. 716; *Conti-
nental National Bank* v. *National Bank of The Commonwealth*,
50 N. Y., 575. It is not necessary to an estoppel that there
should be an intent to deceive. *Winton* v. *Hart*, 39 Conn.,
20; *Roe* v. *Jerome*, 18 id., 153; *Taylor* v. *Ely*, 25 id., 258;
2 Pom. Eq. Juris., § 807. In the following cases the owners
have been estopped from asserting their title. *Storrs* v.
*Barker*, 6 Johns. Ch., 166; *Gill* v. *Harding*, 48 Ark., 409;

*Stone* v. *Tyree*, 30 W. Va., 687; *Forbes* v. *McCoy*, 24 Neb., 702; *Marnies* v. *Goblett*, 31 S. C., 153, 17 Am. St. Rep., 24; *Bryan* v. *Romirez*, 8 Cal., 461; *Workman* v. *Guthrie*, 29 Pa. St., 495.

II. The agreement by the heirs to distribute the property among themselves was binding. They were of full age and there were no creditors. The will gave them the property absolutely. It was competent for the heirs to confirm the sale of the real estate and divide the proceeds, together with the personal property, thereby making a complete distribution and final settlement of the estate of Charles Cooper. Woerner, Am. Law of Adm., Vol. 2, § 566, pp. 1241, 1242; *Foot* v. *Foot*, 61 Mich., 190; *Taylor* v. *Phillips*, 30 Vt., 238; *Clark* v. *Clay*, 31 N. H., 402; *Walworth* v. *Abel*, 52 Pa. St., 370; 2 Beach, Mod. Eq., § 1003; *Brown* v. *Wheeler*, 17 Conn., 346; *Baxter* v. *Gray et ux.*, 14 id., 119; *Dickinson's Appeal from Probate*, 54 id., 226.

III. The acceptance of the $250 by Alfred Cooper was in itself a confirmation of the sale made by his mother. The facts are undisputed. *McPherson* v. *Cunliff*, 11 Serg. & R., 492; *Spragg* v. *Shriever*, 25 Pa. St., 282; *Maple* v *Kussart*, 53 id., 349; *Cox* v. *Rogers*, 77 id., 160; *Karns* v. *Olney*, 80 Cal., 90; *France* v. *Haynes*, 67 Iowa, 139; *Schenck* v. *Sauttem*, 73 Mo., 46; *Field* v. *Doyon*, 64 Wis., 560; *Booth* v. *Wiley*, 102 Ill., 84, 107; *Woodstock Iron Mine* v. *Fullenwider*, 87 Ala., 584, 13 Am. St. Rep., 73.

*Allan W. Paige* and *George P. Carroll* for the appellee, Elizabeth Downs.

I. No false representation was made to Henry G. Alling, nor was there any concealment from him of material facts. Thus an indispensable element of estoppel is lacking. Bigelow on Estoppel, pp. 552 *et seq.*; *Morgan* v. *Farrell*, 58 Conn., 413; *Whittaker* v. *Williams*, 20 id. 98; *Giddings* v. *Emerson*, 24 id., 549.

II. There was no such ratification by the sons of their mother's sale as would bar them from asserting their title on her death. A ratification to be effectual must contain

all the elements of a valid contract or of an estoppel. But here there was no consideration, except as between the parties to the agreement, and no outsider can claim any credit therefrom. *Hamlin* v. *Sears*, 82 N. Y., 327; *Wakeman* v. *Wright*, 33 Ohio St., 405; Mechem on Agency, §§ 146–165.

Elizabeth Downs, as assignee of Alfred Cooper, is not estopped from claiming this money. It was perfectly competent for Alfred Cooper to make any contract he chose to make with his brothers in reference to the real estate which this money represents, and yet to assert all rights of title thereto as against those with whom he was in no privity of contract or of estoppel. *Marlborough* v. *Sisson*, 23 Conn., 55; *Kinney* v. *Whiton*, 44 Conn., 262; *Townsend Savings Bank* v. *Todd*, 47 Conn., 217; *Mayonberg* v. *Haynes*, 50 N. Y., 675.

III. The alleged agreement between Alfred Cooper and his brothers was not made with Henry G. Alling, nor for his benefit; nor was it contemplated therein that he should do any act in reference to the subject-matter of the agreement. As it was not made for his benefit and as it was not intended he should have any rights thereunder, even if he had as an outsider learned of the agreement and acted upon it, he would acquire no rights thereunder. *Simson* v. *Brown*, 68 N. Y., 355; *Playford* v. *U. K. Electric Tel. Co.*, L. R., 4 Q. B., 706; *Dickson* v. *Reuter's Tel. Co.*, 2 C. P. D., 62, and 3 C. P. D., 1.

IV. Even if § 2966 of the General Statutes, which makes void all deeds of land by persons who are ousted, prevented Elizabeth Downs from taking this money, it would not avail Henry G. Alling. The only consequence would be that Alfred Cooper would take it, for the reason that the assignment by him was invalid.

But the statute does not apply. *Harral* v. *Leverty*, 50 Conn., 46. This assignment of Alfred Cooper was neither within the letter nor spirit of the statute. He neither leased nor sold real estate. Property that he owned was sought by condemnation proceedings. After the suit was brought, he assigned the money possibly coming therefrom to further secure an antecedent debt.

ANDREWS, C. J. In September, 1891, the town of Ansonia preferred its application to the Superior Court in New Haven county for the appointment of a committee to appraise certain lands in that town, taken for the site of a school-house. The application was duly served and returned to that court, a committee was appointed who appraised the said land at the value of $625, and made report of their doings to the court. · The report was accepted and the money paid into court, and is now in the hands of the clerk of the court.

Since the commencement of the proceedings other parties have been cited in, viz: Henry G. Alling and Lewis E. Cooper of Ansonia, and Elizabeth Downs of Huntington, each of whom claimed or appeared to have some interest in the said sum of money.

The court, in its order accepting the report of the appraisers, decreed that the said Henry G. Alling, Louis E. Cooper and Elizabeth Downs, interplead with each other as to which of them is legally or equitably entitled to said sum of money. The only controversy. in respect to the money is now between Elizabeth Downs on the one side and Henry G. Alling on the other. Pursuant to the order of the court requiring the parties to interplead, the said Elizabeth Downs set forth her claims at large ; and the said Henry G. Alling made answer thereto and set forth his claims, and later an amended and substituted answer and claims, to which said Downs demurred. The court sustained that demurrer and Alling has appealed.

The facts, somewhat condensed from the record, are as follows :—

Charles Cooper, the elder, was in his lifetime and at his death the owner in fee and in possession of the land described in the said application and of other adjacent land, all of the value of $2,500. He was also the possessor of personal property to the value of $10,000. By his will he devised the residue of his estate, real and personal, to his wife Elizabeth Cooper, for her life, and the remainder to his four sons, Alfred Cooper, Charles Cooper, William Cooper and

Henry Cooper, to be theirs absolutely in equal shares. The land in question came to said Elizabeth Cooper by virtue of said will. The said Charles Cooper died about March 20th, 1876. On the 31st day of July, 1880, the said Elizabeth Cooper conveyed all said lands by a warranty deed to Henry and Augusta Rolf, and received therefor the sum of $2,500, which was its full value including the fee as well as the life estate. That deed was immediately put on record, the grantees entered into possession, and they and their grantees have ever since kept the possession thereof to the time the condemnation proceedings were completed. By sundry conveyances the title and interest conveyed by the said deed of Mrs. Elizabeth Cooper has come to and is now vested in Henry G. Alling who purchased in 1886, subsequent to the agreement between the four sons of Mrs. Cooper below stated. Mrs. Cooper died in 1885 leaving no property of her own of any kind. Of the $2,500 which she received for the said land, she had expended $1,300 in her necessary support. The balance, $1,200, she had in her possession at her death. After the commencement of the condemnation proceedings Alfred Cooper assigned to the said Elizabeth Downs all his interest in the money that might be awarded thereby. She has no other title thereto than by said assignment.

Upon the decease of the said Elizabeth Cooper it was verbally agreed by and between Alfred Cooper, Charles Cooper, William Cooper and Henry Cooper, they being of full age, and being the only parties entitled to the property and estate devised to them under the will of the said Charles Cooper, deceased, that they would pay all the debts and funeral expenses from and out of the said $1,200, and would thereupon divide among themselves in equal portions the balance of said sum of $1,200, and would divide among themselves in equal portions the personal property owned by the said Charles Cooper at the time of his decease, and valued at the sum of $10,000 ; and upon such payment and such division being made that they would consider the amount so divided and received as a full, final and complete distribution and settlement of any and all rights, titles and

interests, claims and demands which they, or either of them were entitled to receive under and by virtue of the provisions of the last will of the said Charles Cooper.

The money that was thus agreed to be divided among said parties was the property, or the proceeds of property, which was owned by the said Charles Cooper at the time of his decease; and no part thereof was the property or estate, or interest therein, of the said Elizabeth Cooper. Pursuant to their said agreement the said Alfred Cooper, Charles Cooper, William Cooper and Henry Cooper, paid all the debts of the said Elizabeth Cooper, and all her funeral expenses, which amounted to the sum of $200; and after making such payment they thereupon divided among themselves in equal portions the sum of $1,000, in cash, that being the balance of the money received by the said Elizabeth Cooper upon the sale of the fee of the said real estate, as above described, and which remained in her hands at the time of her decease, after paying the said debts and funeral expenses; and they also divided among themselves at said time, in equal portions, said personal property amounting to the sum of $10,000; and each and all of said parties received said money and said personal property as and for the portion or share which they were entitled to receive under the said will of the said Charles Cooper; and all of said parties have ever since retained said money and said property, and have ever since considered the same as a full, final and complete settlement of all rights or interests which were devised to them under the last will of the said Charles Cooper; and they especially received said sum of $1,000 in cash, in lieu and in place of the real estate, the fee of which had been devised to them by the said Charles Cooper, but which had been sold by the said Elizabeth Cooper in the manner before described; and said parties intended by this division of said money among themselves to ratify and confirm the sale of said real estate by the said Elizabeth Cooper; and in pursuance of such intention and agreement the said William Cooper, Charles Cooper and Henry Cooper, have each executed and delivered to the said Henry G. Alling, deeds of

all their rights, titles and interests in and to the premises herein described, without the payment of any money therefor.

The said Alfred Cooper knew when he made said agreement and received said money that the amount he received under and pursuant to the said agreement was the money which the said Elizabeth Cooper received from the sale of the said real estate conveyed by her, the said Elizabeth Cooper, as aforesaid, and he had full knowledge that the said real estate had been sold and conveyed by full warranty deed, and that the said Henry G. Alling was then in the possession of said land claiming title thereto by virtue of the deed which had been given by the said Elizabeth Cooper as aforesaid.

These facts, being admitted by the demurrer, must for the purposes of the present discussion be taken as proved and found by the court. Charles Cooper, William Cooper and Henry Cooper, may be laid out of the case. They have each released to Mr. Alling. The rights of Elizabeth Downs are just the same as, and no greater than, the rights of Alfred Cooper. Her assignment from him was since the commencement of the condemnation proceedings.

Before the Superior Court the parties seemed to have discussed only the question of estoppel. The court, in its memorandum of decision, placed its conclusion on the ground that there was no estoppel. The briefs in this court are largely made up of the same discussion. If that was the only question in the case we might be led to agree with the Superior Court.

But estoppel is not the doctrine of the case. There is another ground clearly set forth in the answer of Mr. Alling, on which it seems to us the answer should have been held sufficient and the demurrer overruled. And that ground is that Alfred Cooper has ratified the sale of his land made by his mother. The language of the answer is explicit: That Alfred Cooper and his brothers received said sum of money in lieu and in place of the real estate which had been devised to them by their father, but had been sold by their

mother ; and said parties intended by the division of said money among them to ratify and confirm the sale of said real estate by the said Elizabeth Cooper. And the said Alfred Cooper knew when he received said money that the amount which he received was the money which the said Elizabeth Cooper had received from the sale of the said real estate, and he had full knowledge that the said real estate had been sold and conveyed by a full warranty deed. This is then the condition of things : Mrs. Elizabeth Cooper without authority to do so, sold and undertook to convey land which belonged to Alfred Cooper. She received the full value of the land in money. Her grantee entered into possession of the land conveyed, and claims to have a complete title thereto. Alfred Cooper knowing all these facts and intending to ratify and confirm the sale of his said land, has received that money and applied it to his own use, and still keeps it.

Ratification means the adoption by a person, as binding upon himself, of an act done in such relations that he may claim it as done for his benefit, although done under such circumstances as would not bind him except for his subsequent assent ; as where an act was done by a stranger having at the time no authority to act as his agent, or by an agent not having adequate authority. The acceptance of the results of the act with an intent to ratify, and with full knowledge of all the material circumstances, is a ratification. Ratification makes the contract in all respects what it would have been if the requisite power had existed when it was entered into. It relates back to the execution of the contract, and renders it obligatory from the outset. The party ratifying becomes a party to the contract and is, on the one hand entitled to all its benefits, and on the other is bound by its terms. *Negley* v. *Lindsay*, 67 Penn. St., 217 ; *Edwards* v. *Grand Junction R. R. Co.*, 1 Mylne & Craig, 650–672 ; Anderson's Law Dict., *in verb. ; Stanton* v. *Eastern R. R. Co.*, 59 Conn., 285.

Alfred Cooper, having ratified the sale of his land by his mother, and now through his assignee seeking to obtain the

money in the hands of this court, is in the position of one who has verbally contracted to convey his land to another, has put that other into possession, has received his pay in full in money, and, while keeping the money, is trying to get the price of his land the second time. It needs no argument, or rather the statement of the case is the strongest possible argument, to show that he ought not to succeed. And as he cannot succeed so also his assignee, Elizabeth Downs, cannot.

There is error. The demurrer should be overruled. The judgment sustaining the demurrer is reversed.

In this opinion the other judges concurred.