FRANK TETREAULT *vs.* THE CONNECTICUT COMPANY ET AL.

Third Judicial District, Bridgeport, October Term, 1908.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Unless the entire evidence bearing upon a given issue of fact is presented on appeal, this court will not undertake to say that the verdict of the jury thereon was not justified.

The withholding of evidence which is within the power of a party to produce, gives rise to a presumption of fact against him.

Ordinarily it is not incumbent upon the trial court to single out specific portions of the evidence, and to charge the jury that such evidence alone is not sufficient to prove the particular point; it is enough if they are instructed to take into account all the evidence bearing upon disputed points in the case.

Riding on the running-board of a trolley-car is not necessarily, and as matter of law, negligence. The determination of that question depends upon all the circumstances existing at the time of the accident, without a statement of which this court is unable to pass upon the correctness of the charge on that subject.

In the present case the plaintiff was injured while riding on the running-board of a trolley-car which collided with a truck moving in the same direction. *Held* that a charge which virtually exonerated the railway company from blame in case the jury found that the truck overtook the car and drove against the plaintiff, afforded the trucking company no ground of complaint.

The defendant trucking company contended that the trial court failed to make proper distinctions in its charge as to the relative duties of the railway company, which had accepted the plaintiff as a passenger, and the trucking company, which owed no special duty to him. *Held* that the charge was correct and adequate upon this point, not only in its statement of legal principles but also in their application to the facts as claimed by the respective parties.

A complaint against two defendants for an injury alleged to be due to their joint negligence must necessarily allege negligence upon the part of each; and therefore a specification of the negligence of one of them cannot furnish a basis for a demurrer by the other.

Argued November 11th, 1908—decided January 22d, 1909.

ACTION to recover damages for personal injury alleged to have been caused by the negligence of the defendants, brought to the Superior Court in New Haven County and

tried to the jury before *George W. Wheeler, J.;* verdict and judgment for the plaintiff for $1,800 against the Smedley Company, from which that defendant appealed. *No error.*

*Levi N. Blydenburgh,* for the appellant (defendant Smedley Company).

*Walter J. Walsh,* for the appellee (plaintiff).

*Harry G. Day* and *Thomas M. Steele,* for the appellee (defendant Connecticut Company).

RORABACK, J. The plaintiff was a passenger on an open car of the defendant railway company. On account of the car being crowded he was obliged to stand on the right-hand or outside running-board, and assumed a position near the front end, with his right foot on the running-board about one foot from the end, and with his left foot upon the platform between the front dashboard and the first seat back of the motorman. While standing in this position a furniture truck collided with the car in such a manner that the rear hub of the wheel of the truck came in contact with the plaintiff's right foot causing the injuries complained of. The parties were at issue upon the alleged negligence of the two companies, the exercise of due care upon the part of the plaintiff, and the ownership and control of the furniture truck. The jury found the issues as against the Smedley Company, and for the railway company.

The Smedley Company claimed that there was no evidence in the case proving that the driver of the truck was its agent or employee, or that this truck was then and there owned or used by the Company, or its agents or employees. In this connection this defendant complains of the court's instructions, for the following reasons: "The court erred and mistook the law in charging the jury that

upon the evidence as stated in the charge it was not a matter of law for the court to determine whether or not the truck was the truck of the Smedley Company, and operated and controlled by it at the time of the accident, and that it was entirely a question of fact for the jury."

It was not necessary for the court, nor does it appear that it attempted, to state in its charge all the evidence bearing upon this question. The record discloses that the court, after calling the attention of the jury to the claims of the parties and the evidence of several witnesses who had testified upon this branch of the case, said, in substance, the following: Now from that evidence and other evidence in the case which I have not cited upon that point, you are to determine as a question of fact whether this truck belonged to the Smedley Company and whether their driver was in charge of it when the accident happened.

The record discloses that this defendant appeared and contested the case upon its merits. It offered no evidence, made no motion for a nonsuit for failure to make out a prima facie case, but waited until the argument to the jury was reached before claimimg that there was no evidence showing that the driver of the truck was its agent or employee. This claim, under proper instructions, was submitted to the jury as a question of fact, and a verdict returned against the Smedley Company. Had it deemed that the evidence was insufficient to establish this fact, it should have taken some proper course to bring before this court the entire evidence bearing upon this subject. Without such evidence we cannot review the question which this Company attempts to raise by the first assignment of error.

The second reason of appeal is that the judge erred in his charge as to withholding testimony. The court in discussing this proposition correctly stated the presumption applicable to a claim of this nature when it said: "It is a maxim that all evidence is to be weighed according to the

proof which it was in the power of one side to have produced, and in the power of the other side to have contradicted; and the holding back of evidence by him is a presumption of fact against the party who withholds such evidence in a case where it could be produced." *State* v. *Hogan,* 67 Conn. 581, 584, 35 Atl. 508; *Throckmorton* v. *Chapman,* 65 Conn. 441, 454, 32 Atl. 930. Upon this subject it was in substance further stated: Now of course, that depends upon the finding of the jury whether there was any holding back; and you must, in passing upon that, consider the argument upon the part of the defendant, that it was not within their province at this time to produce that witness.

There is nothing in that portion of the charge of which the defendant can justly complain.

The defendant objects in its fourth assignment of error because the court failed to charge in conformity with the following request: "The mere fact that the truck may have had upon it the name of Smedley is not sufficient; and unless it has been shown affirmatively by competent evidence that the driver of the truck was the servant or agent of the Smedley Company, and then and there acting as such, so far as the Smedley Company is concerned your verdict must be for the defendant."

Ordinarily it is not incumbent upon the trial court, in charging the jury, to call their attention to specific portions of the evidence as supporting or refuting a claim; it is enough if they are instructed to take into account all the evidence bearing upon disputed points in the case. *Hart* v. *Knapp,* 76 Conn. 135, 137, 55 Atl. 1021. As hereinbefore stated in connection with the first reason of appeal, the court charged the jury upon this subject correctly, and as fully as the state of the evidence and appropriate claims of the parties required.

Paragraphs 5, 6, 7, 8, 9, 11, 12 and 13 of the reasons of appeal, relating to the charge as given or to requests re-

fused, raised one general question: whether, under the facts of the case, the court performed its duty in leaving the question of contributory negligence to the jury, to be determined by them as a question of fact upon the evidence. As already stated, the plaintiff's injuries were received while he was riding on the running-board of the defendant railway company's car. The court correctly stated the law upon the question of the plaintiff's negligence when in substance it said: Now, what was the duty of the plaintiff? It was his duty also to use reasonable care; that is, that degree of care which the reasonably prudent person would use under the same circumstances. It was care in proportion to the danger. And as you know, greater care is required under the rule in dangerous situations than in situations that do not furnish such elements of danger. The law cannot say that because the man was standing on the running-board of the car, under all circumstances that would be contributory negligence. That is a question of fact for the jury to determine in a given case. It is obvious that standing on a running-board of a car is more dangerous than when seated in the car. Hence, while the standard of due care remains the same, what will be due care will be more in the one case, in the dangerous situation, than in the other. A greater degree of care must be exercised from one in such a position to avoid injury to himself, and to avoid injury from teams or other vehicles in close proximity to the car upon which he stands. It appears that the testimony and claims of counsel were conflicting in regard to the speed, location and control of the truck when the accident happened. These and other important facts upon the trial were in dispute. This court has not the evidence of the circumstances surrounding the accident. We have not the means of determining whether the court below erred upon this subject, unless we are prepared to hold that a person standing upon the running-board of a trolley-car would, under all circumstances, be guilty of

contributory negligence. Such a proposition would manifestly be unsound.

There was conflicting evidence whether the car had passed the truck or the truck was in advance of the car when the accident happened. The court in closing its remarks upon the assumption that the car had passed the truck when the plaintiff's injuries occurred, properly said: "Assuming that you find the man on the running-board of the car. The car is moving. The van comes up behind and moves faster, and in its movements it comes so close to this man upon the running-board that it injures him. What possible fault is it of that motorman at the front of the car, in the operating of his car that caused that injury? Then, I say that the verdict should be for the railway company." The remarks of the judge upon this subject, referred to in the Smedley Company's tenth assignment of error, were apparently occasioned by two or three obscure questions propounded by a juror, when the judge was discussing this branch of the case.

It is urged in the fifteenth assignment of error that the court mistook the law in failing to make the proper distinctions in the charge, in respect to the relative duty to the plaintiff on the part of the defendant railway company, who had accepted him as a passenger, and the Smedley Company, who had no special duty to him. From an examination of the record it appears that the trial judge instructed the jury fully and correctly as to the duty of the plaintiff, the driver of the truck, the degree of care which the railway company should exercise toward its passenger, and the manner in which these different duties should be performed. He called the attention of the jury in the application of these principles to the facts claimed to have been established by the evidence, in such a manner that it is apparent that the duty which each party owed to the other could not have been misunderstood by the jury.

The last reason of appeal questions a decision made by

the court below upon a demurrer. The complaint was not demurrable because it was alleged that the plaintiff voluntarily placed himself upon the running-board of a trolley-car. This cause of demurrer has already been considered in connection with the exception to the charge.

Paragraphs two and three of the demurrer question the sufficiency of the complaint because it is alleged that the car of the railway company was run at a dangerous rate of speed and negligently managed by the motorman. This was essential in an action against two defendants in which it was alleged that the negligence of the servants of these parties jointly caused the plaintiff's injuries.

There is no ground for the claim that there is no allegation in the complaint showing that the servant of the Smedley Company was not in the exercise of ordinary care.

The third and fourteenth reasons of appeal were not pursued in the defendant's brief, and involve no questions which call for discussion.

There is no error.

In this opinion the other judges concurred.