## WILLIAM MATULIS *vs.* GEORGE GANS.

First Judicial District, Hartford, March Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The *standard* of care to be applied to a pedestrian upon a highway—that of the ordinarily prudent person similarly situated—is unvarying; but the *degree* of care to be exercised by him may vary with the circumstances.

Although one who walks upon the traveled portion of a highway is not negligent as a matter of law, he must, nevertheless, exercise greater caution than if he were using the sidewalk.

The owner of an automobile cannot be held liable for its negligent operation by another unless it is shown that such other was his agent and acting within the scope of his authority.

If the jury, upon the evidence before them, could not reasonably find that the owner of an automobile ratified the acts of his agent in operating it beyond the scope of his authority and solely for his own pleasure and convenience, the inadequacy of the trial court's charge upon the subject of ratification is immaterial.

A principal may ratify the unauthorized act of his agent only when it is done on his behalf or for his benefit.

Where counsel for the plaintiff makes an irrelevant and unwarranted appeal to the sympathy of the jury on the ground that his client must recover, if at all, from the party named as defendant in the action, it is not improper for the trial court to counteract the effect of such improper argument by reading to the jury §6172 of the General Statutes, which permits the bringing of a new action where the wrong defendant has been sued, although that question is entirely outside the issues of the case.

Argued March 7th—decided May 4th, 1928.

ACTION to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant's agent, brought to the Superior Court in Hartford County and tried to the jury before *Baldwin, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*Jacob Schwolsky,* with whom was *Herbert Older* and, on the brief, *Harry Schwolsky,* for the appellant (plaintiff).

*Joseph F. Berry,* with whom, on the brief, were *David R. Woodhouse* and *Cyril Coleman,* for the appellee (defendant).

HAINES, J.   The plaintiff alleged that on the afternoon of December 20th, 1925, while he was walking on Farmington Avenue, New Britain, in the exercise of due care, one Inturisi negligently drove an automobile against him causing him serious bodily injury; that Inturisi was at the time the agent and servant of:the defendant, Gans, and acting within the scope of his agency and service.   The defendant made a general denial, a jury found the issues for the defendant, and the plaintiff appealed for claimed errors and omissions in the charge to the jury.

One of the important questions before the jury was whether Inturisi was the agent of the defendant, Gans, so that the latter would be legally responsible to the plaintiff.

The plaintiff offered evidence to prove and claimed he had proved that at the time of the accident the car belonged to the defendant and that Inturisi was driving it as the agent and servant of the defendant; and further, that immediately after the accident he stated at police headquarters that the defendant was the owner, and two days later repeated the statement under oath in a report to the Motor Vehicle Commissioner.   He further claimed to have proved that he was himself ignorant of the English language and had placed his claim for damages in the hands of a relative, Adolph Matulis, who met the defendant on the street after the return of the latter from Europe and, after

stating the plaintiff's claim, was told by the defendant that he would assume full responsibility and pay all claims for damages. The plaintiff further claimed to have proved that a bill of sale of the car, given in evidence and dated October 20th, 1925, was not in fact drawn and executed until several days after this action was begun.

The defendant offered evidence to prove and claimed he had proved that the car was owned by him prior to October 20th, 1925, and was registered in his name; that some days previous he had allowed Inturisi to take it to his own garage and to drive it to decide whether he wished to buy it, and on October 20th he sold the car to Inturisi and on that date executed and delivered to him the conditional·bill of sale in evidence, and received from Inturisi an initial payment and notes payable from time to time for the balance of the purchase price; that the registration certificate was not signed by the defendant because it was at Inturisi's house at the time and thereafter, in order to save the registration fee for the balance of the year, Inturisi continued to drive the car under the old registration and was doing so at the time of the plaintiff's injury; that from and after October 20th, 1925, the defendant had no further possession, control or use of the car and on November 27th, 1925, he went to Europe and did not return till January 29th, 1926; and further that at the time of the accident, Inturisi was driving with two young ladies for his own and their convenience and pleasure and in no way acting on behalf of the defendant who was then in Europe and was not his agent or servant in any capacity.

The jury by a general verdict found all the issues for the defendant.

The appellant assigns as error the court's statement to the jury that a pedestrian traveling upon that por-

tion of the highway used by vehicles should exercise a greater degree of care than is required of one traveling upon a sidewalk, and that while it was not negligence as matter of law to walk upon such traveled part of the highway, it was a circumstance to be considered in determining the degree of care required under the existing conditions. This is a correct statement of the law and its assignment as error is without merit. The *standard* of care is unvarying—that of the ordinarily prudent person under the circumstances surrounding him—but, as suggested by the court, the *degree* of care varies with the circumstances. *Brown* v. *New Haven Taxicab Co.*, 93 Conn. 251, 105 Atl. 706; *Tombari* v. *Connors*, 85 Conn. 231, 235, 82 Atl. 64; *Tetreault* v. *Connecticut Co.*, 81 Conn. 556, 560, 71 Atl. 786.

The next four assignments relate to certain portions of the charge upon agency and ratification. The burden of proof of agency was on the plaintiff and it would have availed him nothing to show that Gans was the actual owner of the car without also showing that at the time of the accident Inturisi was acting within the scope of an authority conferred by Gans. The only evidence before the jury as to the purpose for which the car was being used, was that Inturisi was driving solely for his own convenience and pleasure and that of two young ladies who were with him. Without more, the jury could not reasonably hold this to have been done on behalf of Gans who was in Europe and without knowledge of or relation to such use of the car.

The court carefully reviewed the evidence claimed by the plaintiff to bear upon the question of agency and instructed the jury in effect that when one employs another to act for him, he becomes responsible for the acts of the employee within the scope of the authority conferred by the employer; but if the employee departs

entirely from the scope and purpose of the employment and engages in an undertaking entirely his own, then the employer is not responsible; that it was necessary in this case to find not only the agency of Inturisi but that at the time in question he was acting within the scope of that agency; that it was not absolutely necessary to find that Gans owned the car, but if it was found to belong to Inturisi it was further necessary to find, in order to hold the defendant, that Inturisi was acting for and on behalf of Gans and within the scope of the authority conferred upon him by Gans. This was a sufficient statement of the law upon this phase of the case.

The plaintiff claimed a ratification of the acts of Inturisi by reason of the alleged statement of Gans afterward made to Adolph Matulis that he would assume responsibility and pay all damages, and the statement of the court upon this point in the charge is assigned as error. It said: "Unless you find that statement was made, or a statement substantially to that effect which was a ratification of the agency, I cannot understand or see how you can find for the plaintiff, since I cannot find in the case any other evidence that establishes the necessary element, namely that Inturisi at the time in question was engaged in his master's business or acting within the scope of his authority."

If the evidence before the jury had been such as to fairly present the question whether Gans had become responsible by ratification, we could hardly hold the foregoing to be adequate for their direction; but the evidence was not such that the jury could reasonably have found such ratification and any inadequacy in the charge upon that point becomes unimportant.

If Inturisi was assuming to act on behalf of Gans but beyond the scope of his authority such an act could

be ratified but Gans could not ratify an act which was not done in his behalf. "Ratification means the adoption by a person, as binding upon himself, of an act done in such relations that he may claim it as done for his benefit, although done under such circumstances as would not bind him except for his subsequent assent." *Ansonia* v. *Cooper*, 64 Conn. 536, 544, 30 Atl. 760; *Curnane* v. *Scheidel*, 70 Conn. 13, 17, 38 Atl. 875.

For the reasons indicated, the further assignment of error for failure to define the term ratification for the jury, cannot be sustained.

During the argument, counsel for the plaintiff told the jury that if the plaintiff did not recover from Gans in this case he was forever precluded from any further right of action on account of his injuries. In the charge the court told the jury however, that if the plaintiff failed in the present action, but could show that such failure resulted from naming the wrong defendant, he could maintain another action under the provisions of General Statutes, §6172, which he read to them, and this the appellant assigns as error.

This question was entirely outside the issues of the present case, and the answer to it could not have any proper bearing upon the liability of this defendant. The only effect the court's comment could have had was to counteract counsel's irrelevant and unwarranted appeal to the sympathy of the jury.

The remaining assignment concerns that portion of the charge relating to the automobile registration law as affecting the ownership of the car. We have already indicated that, under the evidence produced in this case, the ownership of the car was not an issue of controlling importance, and this assignment need not be discussed.

There is no error.

In this opinion the other judges concurred.