## FRANK E. NANN
*vs.*
## EDWARD WHITE SULLIVAN

Court of Common Pleas    New Haven County    File No. 33234

MEMORANDUM FILED OCTOBER 16, 1943.

*T. Holmes Bracken,* of New Haven, for the Plaintiff.

*Franklin Coeller,* of New Haven, for the Defendant.

CULLINAN, J.   The defendant, a forthright and intelligent professional man, was, in December, 1940, the owner of a building lot on Racebrook Road in the Town of Woodbridge.   Having determined to erect a dwelling for occupancy by his mother and himself, Doctor Sullivan retained Mr. Gordon MacMaster to prepare plans and specifications and to serve as a supervising architect.   Thereafter, as construction operations were about to begin, Mr. MacMaster engaged the plaintiff to drill an artesian well.   The drilling assignment, in so far as the evidence discloses, was successfully executed and the well has given constant and satisfactory service since mid-December, 1940.   Thus, the plaintiff has instituted action for the reasonable cost of drilling.

The fundamental problem for determination concerns itself with the scope and extent of the authority conferred by Doc-

tor Sullivan on Mr. MacMaster in his capacity of supervising architect. Further, a related question of ratification, if any, of Mr. MacMaster's agency by Doctor Sullivan requires consideration.

In *Damon vs. Inhabitants of Granby*, 2 Pick. (Mass.) 345, the inhabitants of the Town of Granby had voted that certain persons, 13 in number, should constitute a committee to procure a master builder, and superintend the building of a meetinghouse for the town. On the trial of the case, which was an action of debt by the builder of the meetinghouse on the contract made with the committee, the defendants objected that the superintending committee had no authority to contract for the building of the house. "To *superintend* the building of the house", said the court (p. 352) "includes the power to make the necessary contracts." *See, also, Story, Agency, §79.*

Similarly in the instant matter, I am confident that Doctor Sullivan gave to Mr. MacMaster a particularly wide range of authority; certainly a range sufficiently broad so as to permit of the plaintiff's hiring.

The defendant places great emphasis on a provision of the specifications, made a part of the building contract, providing: "The contractor shall make the arrangements for the driven well and shall furnish and completely install the pump, tank, etc., allowing the sum of $350.00 for these two items." Since the general contractor was Mr. Joseph Abbadessa, it is Doctor Sullivan's contention that the driving of the artesian well became the sole responsibility of this general contractor under the terms of his contract; that neither he nor his architect had authority to alter this term of the contract; and that any contract between Mr. MacMaster and the plaintiff was unauthorized and clearly beyond the scope of the architect's authority. The short answer to this contention is that the general contractor made no provision for drilling an artesian well, apparently wholly satisfied with Mr. MacMaster's hiring of the plaintiiff and equally satisfied with the plaintiff's performance. Further, it is unquestioned but that Doctor Sullivan owes Mr. Abbadessa, on account of the building contract, a sum far in excess of the $350 referred to in the specifications as an "allowance item" and Mr. Abbadessa has signified his willingness to allow Doctor Sullivan a credit of $350, upon

final adjustment of their account, if the plaintiff is recompensed for what Mr. Abbadessa believes to be his workmanlike job. Briefly then, if the plaintiff is permitted to recover in this action, Doctor Sullivan will not be prejudiced financially.

A fundamental principle of agency holds: "There is . . . no more certain and satisfactory a method of manifesting approval of an act than by voluntarily and knowingly taking the benefits which flow from its performance; and it is a general rule, of constant application in the law of agency, that he who, voluntarily and with knowledge of the facts, accepts the benefit of an act purporting to have been done on his account, by his agent, thereby ratifies it and makes it his own as though he had authorized it in the beginning." 1 *Mechem, Agency* (2d ed. 1914) §434.

"Ratification means the adoption by a person, as binding upon himself, of an act done in such relations that he may claim it as done for his benefit, although done under such circumstances as would not bind him except for his subsequent assent." *Town of Ansonia vs. Cooper,* 64 Conn. 536, 544, quoted in *Curnane vs. Scheidel,* 70 Conn. 13, 17 and *Matulis vs. Gans,* 107 id. 562, 567.

The uninterrupted use of the well by Doctor Sullivan, from the date of its drilling to the point of trial, offers unmistakable evidence of his ratification of Mr. MacMaster's act, assuming for the moment, that the architect was without express or implied authority to hire the plaintiff. Certainly, Doctor Sullivan has accepted all the benefits which flowed not only from the well but also from the plaintiff's labors. Therefore, in the light of the architect's authority to hire, coupled with subsequent ratification, the plaintiff must recover.

Judgment may enter for the plaintiff to recover of the defendant $206, the reasonable cost of drilling the well; interest of $35.02 from December 15, 1940, to date; and taxable costs.