[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The defendant has filed a motion to strike against various counts of the plaintiff's Revised Amended Complaint. The motion addresses two legal claims. First it is directed against the negligence cause of action against the defendant company. The claim is that by placing the individual defendant on a committee which interacted with the public it endangered the plaintiffs and other members of the public because it "knew or should have known of this individual's mental condition and it" knew or CT Page 7226 should have known that he could pose a danger to members of the public.
The complaint alleges that after a committee meeting attended by the plaintiffs — this individual because of his mental condition "reacted to his frustration with the (plaintiffs') complaints by shooting at them causing each one of the plaintiffs physical injury and psychological harm.
The motion then seeks to strike various counts alleging something called "ratification/vicarious liability" but which appears to be based on a ratification of conduct claim.
Before discussing the issues raised it should be stated that the facts alleged in a complaint must be construed in a way most favorable to the plaintiff, Amodiov. Cunningham, 182 Conn. 80, 82 (1980).
1.
Central to the viability of the plaintiff's negligence claim is the allegation that the defendant company knew or should have known of its employee's unstable mental condition — it is alleged this employee's psychologist stated if he doesn't get what he wants he expresses his anger and frustration in "antisocial ways" and he felt that's all right as long as he didn't get caught. This same source said the defendant employee suffered from panic attacks. On this admittedly slender reed the plaintiffs seek to support a negligence claim.
However, the court agrees with Rutter v. Hanis, 1992 Conn. Super Lexis 2157 that our appellate courts have recognized a cause of action for the hiring of an unfit employee where that employee presents a danger to others,Stiebitz v. Mahoney, 144 Conn. 447 (1957), Shore v.Stonington, 187 Conn. 147, 155 (1982), cf Fay v.Schneider, 16 Conn. App. 660, 672 (1988). In effect this motion is premature and the theories advanced may be better tested after discovery procedure by a motion for summary judgment.
2. CT Page 7227
The plaintiffs also allege in various counts that the defendant company "ratified the conduct of this employee) and is therefore liable to plaintiff for all the damages attributable thereto. The basis of the ratification claims is that the employee "was not disciplined, demoted, or otherwise sanctioned by Balf for shooting the Capalbo's, despite the fact that (the employee's) conduct violated Balf's rules and regulations, specifically the unlawful possession of weapons of any type on Balf premises or in Balf company owned vehicles."
Although there may be the basis for a ratification claim here it is just not properly plead. This is a fact pleading state and conclusory statements of a legal doctrine won't suffice to set forth a cause of action. The mere failure to discipline or demote an employee acting as alleged here is not enough to establish a ratification claim. These acts must be done with the intent to ratify the prior action taken by the agent, see Hartford Accident Indemnity Co. v. South Windsor Bank and Trust Co.,171 Conn. 63, 72 (1976), relying on Ansonia v. Cooper, 64 Conn. 536,544 and Mataulis v. Gans, 107 Conn. 562, 566.
The motion to strike is denied as to counts 31 through 37 alleging negligence but granted as the counts 38 through 44 alleging ratification.
Corradino, J.