## TOWN OF CLINTON *vs.* TOWN OF HADDAM.

A party is not estopped by an admission made in ignorance of his rights, induced by an innocent mistake of material facts.

The selectmen of the town of *H* received notice from the selectmen of the town of *C* that a pauper belonging to the former town was on expense in the latter town. The selectmen of *H*, believing that the pauper in fact belonged to their town, wrote the selectmen of *C*, requesting them to be as economical as possible in the matter and promising to pay for the supplies. The supplies were however paid for by a relative. Four years later, the pauper again needing aid from the town, the selectmen of *H* were duly notified of the fact and the supplies were furnished by the town of *C*. While they were being furnished the selectmen of *H* still believed that the pauper belonged to *H*, and conceded this to the selectmen of *C*, who by reason of it took no steps to investigate the matter or to hold any other town responsible. The means of knowledge were however equally open to both parties. In a suit brought by the town of *C* against the town of *H* for the supplies last furnished, it was held that the defendants were not estopped from showing that the pauper was not settled in *H*.

ASSUMPSIT for supplies furnished a pauper; brought to the Superior Court in Middlesex County. Facts found by a committee and case reserved for advice. The case is sufficiently stated in the opinion.

*L. E. Stanton* and *W. F. Willcox*, for the plaintiffs.

*D. Chadwick*, for the defendants.

LOOMIS, J. This action was brought to recover for supplies furnished one Henry T. Taylor, an alleged pauper belonging to the defendant town.

The argument for the plaintiff is two-fold—that the pauper in fact had a legal settlement in the defendant town, and, if not, that the defendant is estopped to deny the settlement by reason of certain concessions made by its selectmen.

The facts reported by the committee effectually dispose of the first claim. It was distinctly conceded by the plaintiff that the pauper had no settlement in the town of Haddam unless it was derived from his father, Warren Taylor, and that the settlement of the latter in Haddam must be predicated wholly upon a continuous residence in that town for six years commencing in the year 1854. But the committee finds that in the spring of 1859 Warren Taylor removed from Haddam to Camden in the state of New Jersey with his wife, where he resided until the fall of 1861, and that in so removing he did not contemplate a temporary absence but a change of residence. The evidential facts bearing upon the question of residence, reported by the committee, and urged again before this court, spent their force before the former tribunal and resulted in a finding adverse to the plaintiff, which it is not within our province to review or reverse.

The only question left for our discussion is, whether an estoppel against the defendant can be predicated upon the following facts:—In February, 1870, the wife and children of the pauper, then residing in Clinton, became reduced to want, and they were supported by the plaintiff until April, 1870, having given notice to the selectmen of the defendant town as required. After receiving the notice the latter wrote to the selectmen of Clinton asking them to be as economical as they could be, and promising to pay for the supplies. Payment however was made by Warren Taylor and not by the defendant. After an interval of more than four years, in October, 1874, the pauper and his family, still residing in Clinton, were again reduced to want, and again supplied by the plaintiff after the usual legal notice to the selectmen of Haddam. Warren Taylor repeatedly offered to pay for these supplies from his own funds, but the select-

men of Clinton refused to receive payment either from him or the pauper, who had also offered to pay by request of his father. The selectmen of Haddam refused to pay this bill for the reason that Warren Taylor and Henry T. Taylor had both offered to pay and had been refused.

In regard to the other item in the plaintiff's bill of particulars, for the supplies furnished in 1878, there are no facts reported except the furnishing of supplies and the notice. But there is a further general finding that "from 1870 until after the commencement of this suit the selectmen of Haddam in good faith believed and conceded that said Henry T. Taylor had a settlement in Haddam. By reason of that concession the selectmen of Clinton took no steps to ascertain where he belonged, but furnished the supplies relying upon the liability of Haddam to reimburse them. And they did not know that Haddam denied his settlement in that town until this case was reached for trial in the Superior Court."

Assuming for the purposes of this discussion that the concessions of the selectmen are to have the same force as if they were defendants instead of the town, we think there are wanting some essential elements to constitute an estoppel.

The genius and policy of the law favors full investigation of the truth. The doctrine of estoppel often operates to exclude the truth, and is therefore not to be favored. It is an exception to the general rules of law, and was introduced as such for the prevention of fraud and wrong. In other words, the object of an estoppel is to prevent a party from founding a right upon a wrong, and it is properly applied to a case where it appears that a party has wrongfully said or done anything for his own advantage with the design to influence, and which did actually influence, the action of the other party to his detriment.

It appears that the selectmen of Haddam honestly believed that the legal settlement of the pauper was in their town, and what they honestly believed they would not dishonestly conceal. They were however innocently

Town of Clinton *v.* Town of Haddam.

mistaken as to the fact of Warren Taylor's continuous residence in the town, and are not to be blamed for their ignorance. A reference to the finding will show that the records of the town furnished very strong evidence that Warren Taylor's residence was continued in Haddam during the period in question. The selectmen of Clinton were equally mistaken; but the means of knowledge were equally open to them as to the selectmen of Haddam. Now it seems to us a most flagrant abuse of the doctrine of estoppel to apply it to such a case as is here presented. We think no party should be estopped by an admission made in ignorance of his rights induced by an innocent mistake of material facts, especially when, as in this case, the means of knowledge were equally open to the other party.

Again. We do not think it clearly appears that any detriment to the plaintiff was occasioned by the concessions made by the selectmen of the defendant town. Had they kept silent when notified, or denied all liability, no reason for such a course could have been given, for, as the facts were then understood, the evidence was decisively against them. It is highly probable the plaintiff would have instituted a suit just as soon without the concessions as with. When the plaintiff knew of the additional facts the suit was prosecuted to final judgment notwithstanding, and not without good reason, for the evidential facts reported show that it must have remained doubtful to the last, and the committee states that the issue was found upon the mere preponderance of the evidence. It seems therefore too improbable for belief that the concessions referred to occasioned any appreciable injury to the plaintiff. We do not care however to pursue this subject, or to place our decision upon this ground, as the position first taken is ample to dispose of the case, and in that we derive strong confirmation from the decisions of the highest courts in other states.

In *Brewer* v. *Boston & Worcester R. R. Co.*, 5 Met., 478, the adjoining proprietors of lands agreed by parol on a dividing line, intending to establish it as the true line, and pursuant to the agreement they entered into possession. Afterwards,

one of the parties being about to sell to the defendants, the other stated to the purchasers that the line agreed upon was correct and that he did not own beyond it.  After the sale the purchasers made improvements up to the agreed line with the knowledge of the adjoining owner, who was present and repeatedly pointed out the line.  But having subsequently discovered the true line and that it extended beyond the improvements, the court held that he was entitled to recover.  WILDE, J., giving the opinion, placed the decision upon the ground that the plaintiff acted fairly, under a mistake as to the true line, and that he made no declaration contrary to his honest belief at the time or with any intention to deceive ; adding,—" We think it clear that declarations thus made do not operate in the nature of an estoppel."

In *Thrall* v. *Lathrop*, 30 Verm., 307, REDFIELD, C. J., in giving the opinion, stated it as a well established proposition that " no party is estopped by an admission made in ignorance of his rights, induced by an innocent mistake of material facts."   The cases of *Royston* v. *Howie*, 15 Ala., 305, and *Smith* v. *Hutchinson*, 61 Misso., 83, endorse substantially the same proposition.

In *Leicester* v. *Rehoboth*, 4 Mass., 180, it was held that where a town in which a pauper is supposed to have his legal settlement receives notice that a pauper is on expense in another town, and afterwards actually pays such expenses, it is not estopped to deny the settlement of the pauper in a suit afterwards brought for expenses afterwards incurred in the support of the same pauper by the town receiving the payment.   It is quite obvious that there was no concession in the case at bar any stronger than an actual payment of the expenses first incurred would have made.

We advise judgment in favor of the defendant.

In this opinion the other judges concurred.