[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 25, 1990, Joseph and Hectorna Theresa White CT Page 12871 mortgaged unit 10A10 Racing Brook Meadows No. 2 to People's Bank, which mortgage was nearly contemporaneously assigned to the plaintiff, Connecticut Housing Finance Authority (hereafter "CHFA"). The principal amount of that mortgage was eighty-four thousand ($84,000) dollars and it and the assignment were duly recorded in the land records of the City of Danbury. The mortgagors also defaulted on the common charges of the condominium association and it commenced a foreclosure action for those common charges. In addition to the mortgage to CHFA, the Whites executed a second mortgage on the property in the amount of three thousand seven hundred ($3,700) dollars. That mortgage was also executed nearly contemporaneously with but subsequent to the first mortgage. The second mortgage was held by the State of Connecticut Department of Housing and is only marginally relevant to this decision.
The summons in the Racing Brook Meadows (hereafter "RBM") foreclosure recited that one Paul Pernerewsky was the agent for service of process for both of the Connecticut defendants. Service was supposedly effectuated upon said Connecticut defendants by leaving "two (2) true and attested copy(s) of the original with and in the hands of Jane Scholl, Assistant Attorney General for the State of Connecticut and authorized to accept service, 55 Elm Street, Hartford, Connecticut, for Connecticut Housing Finance Authority and State of Connecticut Department of Housing. . . ."
CHFA never appeared in the RBM foreclosure proceeding which went to judgment and by virtue of which RBM, the defendant herein, claims title to the unit in dispute. The defendant claims to have mailed notice of the motion for default for failure to appear to CHFA at 40 Cold Spring Road, Rocky Hill, Connecticut 06067. Notice of the entry of judgment, however, was sent to CHFA in care of Paul Pernerewsky at the Department of Housing. It is the defendant's contention that the service of process and the notification of judgment were legally proper and that CHFA's interest in the property has indeed been foreclosed. Arguing alternatively, if his major premise is incorrect then he asserts that CHFA is guilty of laches.
CHFA contradicts the defendant's hypothesis as might be expected. It claims that it was never validly served, that proof of notice of a motion for default for failure to appear, arguably sent to the correct address, was never proven to have been mailed or received, and finally notice of the judgment was not sent to CT Page 12872 the correct address. Therefore, it is the plaintiff's contention that RBM's prior foreclosure is no bar to the instant proceeding.
The first issue framed herein is the service upon CHFA. Neither party contests that the present office of CHFA is LOCATED at 999 West Street in Rocky Hill. The former location was 40 Cold Spring Road in the same municipality. The State of Connecticut Department of Housing has an office and principal place of business at 505 Hudson Street in Hartford, Connecticut. Service, as previously stated, upon CHFA and the State of Connecticut Department of Housing was made upon one Jane S. Scholl, an assistant attorney general at 55 Elm Street in Hartford, Connecticut. The sheriff's return recites that she is authorized to accept service for CHFA and for the Department of Housing. CHFA has not designated an agent for service of process, there is no statutory designee therefor and no department regulation designating any entity for the purposes of service.
On or about April 29, 1993, the defendant manifested an awareness of CHFA's correct address at 40 Cold Spring Road, and supposedly mailed a copy of the motion for default for failure to appear to it at that address. It must be noted, however, that this finding is limited to the defendant's being on notice of the correct address since mailing and receipt of mailing was never established. See Central National Bank v. Stoddard,83 Conn. 332, 339-40. The defendant, however, subsequent to the motion for default, reverted to its former acts by mailing a notice of judgment to CHFA at the Hudson Street address. Neither party was able to find any statute, regulation or decision which specifically speaks to service upon CHFA. RBM asserts that it properly made service under § 52-64 of General Statutes. The assistant attorney general, RBM alleges accepted service for CHFA, offered convincing testimony that she was unable to accept service upon that entity. While it is true that under § 52-64
the attorney general may be served in any action against "the state" or against "any institution, board, commission, department or administrative tribunal thereof. . . ." Section 8-22
specifically provides that the "Connecticut Housing Finance Authority should not be construed to be a department, institution or agency of the state. It is statutorily clear that CHFA is not a "board, commission, . . . or administrative tribunal" within the meaning of the statutes and neither party is able to offer any evidence to the contrary. RBM's reference, Reitzer v.The Board of Trustees, 2 Conn. App. 196, while secondary to be sure, avails it of nothing. In that case, service was CT Page 12873 effectuated against the board of trustees of a state college acting in an official capacity by serving the attorney general. However, state colleges are not the beneficiaries of a statute such as § 8-244 as is CHFA. Its reliance upon BridgeportSavings Bank v. Eldredge, 28 Conn. 556 is hardly supportive of its position.
CHFA had one office in Connecticut. The address of that office was known Service, it contends, could have and should have been effected by service of the person in charge at that specific location. That premise, while facially valid, upon further examination is indeed fatally flawed and of no value to the plaintiff in this instance. Its contention that it was and is readily amenable to service is clearly predicated on § 52-57
(c) of the General Statutes. This hypothesis clearly flies in the face of the statute. CHFA is a body politic incorporate, a political instrumentality and political subdivision of the state.Savings and Loan League of Connecticut Inc. et al. v.Connecticut Housing Finance Authority et al., 184 Conn. 978,979, essentially cites that statute. "Said authority is constituted a public instrumentality and political subdivision of this state and the exercise by the authority of the powers conferred by this chapter shall be deemed and held to be in the performance of an essential public and governmental function." Section 8-244. Section 52-57 (c) recites that "IN ACTIONS against a PRIVATE CORPORATION," it, reduced to its most simple terms, does not apply to public corporations. To reiterate, counsel has cited no statute, no case and no regulation which directs or infers how service may be made upon this entity.
It is somewhat interesting, if not ironic, that the evidence established that CHFA does indeed accept service at its Connecticut office at its then location, 40 Cold Spring Road and continues to do so at its new location of 999 West Street in Rocky Hill. One may only speculate on what legal posture this entity might take in a situation similar to this had it been served in that fashion. One must wonder if the doctrine of estoppel might assist someone in RBM's position. Under the circumstances, in view of the actions taken by the defendant in attempting to effectuate service in an earlier foreclosure proceeding which was made upon an attorney general who is not authorized to accept service for CHFA under any statute, case or regulation at a location where CHFA did not have or never had an office or principal place of business, together with subsequent action indicating that the correct office and principal place of CT Page 12874 business was known, constrains this court to find that service was indeed invalid as to CHFA and under no circumstance a bar to the instant foreclosure proceedings.
While that ruling is dispositive, the court will address the two defenses offered by the defendant although some or all might well be deemed to be abandoned upon an examination of the content of the defendant's post trial brief.
The first special defense appears to suggest both exclusivity of remedy and laches. It is well established that a mortgagee has two separate and distinct causes of action against the defaulting mortgagor. That mortgagee may pursue an action as law for the amount due on the promissory note or it may pursue its remedy in equity and foreclose on the mortgage securing the note. It may pursue both of these remedies simultaneously in one consolidated foreclosure suit. People's Bank v. Bilmor BuildingCorporation, 28 Conn. App. 809, 816-17; HartfordNational Bank Trust Co. v. Kotkin, 185 Conn. 579, 581.
Laches is an equitable defense, consisting of two essential elements. There must have been an inexcusable delay by one party and the delay must have prejudiced the other party. A mere lapse of time does not constitute laches unless it resulted in prejudice to the party, as for example, the party was led to change his or her position with respect to the matter in question. Lownds v. Lownds, 41 Conn. Sup. 100, 107;Papcun v. Papcun, 181 Conn. 618, 621; Bozzi v.Bozzi, 177 Conn. 232, 241. It cannot be seriously disputed that there was indeed a delay in this case, however, credible evidence is grossly inadequate to establish prejudice. A claim for a diminution in value and the accrual of taxes and assessments are facts of life that occur with the ownership of any property. To suggest that CHFA has some way prejudiced the defendant with respect to that accrual and that diminution in value is ludicrous. RBM's attempt to bootstrap its position with respect to laches concerning necessary repairs going uncompleted because of this delay is hardly cogent. This approach completely ignores legal authority of condominium associations to raise funds when necessary to effectuate repairs deemed necessary for the complex. To reiterate, there is no credible evidence of a prejudicial delay which might be considered detrimental to the defendants.
RMB's second special defense that CHFA had actual notice of CT Page 12875 its foreclosure proceeding, also falls victim to the lack of credible evidence to establish it. The third special defense would invoke the doctrine of res judicata. The prior dispositive factual predicate for the ruling by the court on the service of process on CHFA, renders the doctrine in this case inapposite. Res judicata requires, inter alia, prior action between the same parties. Here there was no such prior action. See Scalzo v.Danbury, 224 Conn. 124, 127-129.
Finally, the defendant's hypothesis that the plaintiff is not entitled to recover counsel fees in this proceeding is hardly worth comment. Neither the testimony nor the documentation offered present any valid argument, much less evidence for that defense. It, too, is inadequate.
The court finds that the plaintiff has established its right to foreclose upon the subject proper and that it indeed prevails over RBM's defenses. The case is, accordingly, reassigned for determination of the debt, property value, the appropriate fees to be awarded and a judgment of foreclosure.
Moraghan, J