WILLIAM J. KERIN *v.* LEONARD UDOLF

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued June 5—decided July 11, 1973

*Harry Cooper,* with whom, on the brief, was *Howard Werner,* for the appellant (plaintiff).

*Jerome E. Caplan,* for the appellee (defendant).

BOGDANSKI, J. This was an action on a promissory note brought by the plaintiff, William J. Kerin, seeking to recover the balance of the note on the ground that a default in the payment of a monthly installment had occurred. The defendant, Leonard Udolf, denied the default and, by way of special defense, alleged payment of the installment by check duly deposited in the mail. This defense was denied. The court found the issues for the defendant and granted equitable relief. From the judgment rendered thereon, the plaintiff has appealed to this court.

The plaintiff has assigned error in the finding by the court of five paragraphs of the finding without evidence. The validity of such a claim is tested by the evidence printed in the appendices to the briefs. Practice Book § 718; *Walker* v. *Jankura,* 162 Conn. 482, 484, 294 A.2d 536; *State* v. *Vars,* 154 Conn. 255, 258, 224 A.2d 744. An examination of the evidence in the appendices discloses ample support for these

findings. The remaining assignments of error attack the conclusions reached and the rulings of the court on the plaintiff's claims of law.

The facts in the case can be summarized as follows: On January 3, 1968, the defendant executed his note to the plaintiff in the sum of $25,030.61, payable in installments of $287.42 on the third day of each month. The note provided that default in the payment of a monthly installment for a period of fifteen days would render the whole amount due and payable at the option of the holder. For two and one-half years the defendant sent a timely check to the plaintiff for each installment by mail, without incident. A check for the August 3, 1970, installment was drawn on August 5, 1970, by the wife of the defendant on an account which, at the time, had a balance of $1173.15. The defendant's wife gave him the check in an envelope addressed to the plaintiff. The defendant took the envelope to his place of business and gave it to his employee, Mrs. Barbara Bean, so that she could run it through the postage meter and mail it, according to custom, and this customary procedure was followed during the first week of August, 1970. The plaintiff never received the check. On August 19, 1970, after the fifteen-day grace period had expired, the plaintiff notified the defendant by letter that the note was in default and that he had elected to declare the entire amount due and payable. The amount remaining due was $20,253.63, principal, plus interest to August, 1970. The defendant, who was away on vacation, was informed of the plaintiff's letter. He immediately telephoned the plaintiff to explain that the check must have been lost or misplaced in the mail. On August 24, 1970, he sent the plaintiff another check

for the one not received. He then got in touch with the post office in an attempt to trace the lost check. On August 26, 1970, the plaintiff returned the replacement check and on September 2, 1970, the plaintiff's counsel requested full payment with interest and $1000 attorney's fees. Thereafter, through the date of the trial, the defendant has sent a timely check for each installment which the plaintiff refused to accept. The interest rate on the note was more favorable to the defendant than that generally available for mortgages at the time of execution and at the time of the trial.

The trial court reached the following conclusions: The check dated August 5, 1970, was duly deposited in the mail, in an envelope properly stamped and addressed, in sufficient time to reach the plaintiff before default; the check was never received by the plaintiff; within a reasonable time after notification of its nonreceipt, the defendant tendered the amount of the installment and made timely tender of installments thereafter until the time of trial; the plaintiff assented to the procedure of mailing each installment, and the risk of nonreceipt, once it had been duly mailed and in an envelope properly addressed and stamped, was on the plaintiff. The final conclusion of the court was that even though the plaintiff brought this action at law to collect the note rather than an action to foreclose the mortgage, the defendant could, nevertheless, raise equitable defenses to the action.

The plaintiff contends that the trial court erred in concluding that the August installment check was duly deposited in the mail. An attack on a conclusion is tested by the subordinate facts found.

*Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645. That a letter was duly deposited in a mail box may be proved either by direct or circumstantial evidence. It may be proved by the testimony of the person who deposited it or by proof of facts from which it may be reasonably inferred that it was duly deposited. *Central National Bank* v. *Stoddard,* 83 Conn. 332, 339, 76 A. 472. Any other rule would ignore the realities of today's business practice. Few businessmen personally deposit their mail in a mail box. Most can testify only that they directed employees to do it and the employees are often able to testify only as to their usual custom in mailing letters for their employers. In this case, the defendant and Mrs. Bean both testified that it was customary for him to give her letters to be mailed so that she could stamp them and deposit them in the mail box. It was further testified that this customary procedure was followed during the first week of August, 1970. The facts disclosed by this testimony were made part of the court's finding, and it was reasonable for the court to conclude therefrom that the August installment check was deposited in the mail within the grace period.

In light of these facts and conclusions, it is clear that the plaintiff, who approved of the defendant's practice of sending the monthly payments by mail, cannot prevail. If a person to whom money is due, either by express assent or by a course of dealing from which assent may be inferred, authorizes its transmission by mail, the person from whom it was due is relieved from the consequences of a default if it is duly and properly put into the mail. *Mackey* v. *Dobrucki,* 116 Conn. 666, 671, 166 A. 393; *Console* v. *Torchinsky,* 97 Conn. 353, 356, 116 A. 613.

The plaintiff further contends that the trial court could not have granted equitable relief since there was no claim for such relief in the special defense. The short answer to this claim is that the allegations of the special defense themselves spelled out a claim for equitable relief. Section 89 of the Practice Book provides that "[a] party seeking equitable relief shall specifically demand it as such, unless the nature of the demand itself indicates that the relief sought is equitable relief." It is also well settled that equitable defenses or claims may be raised in an action at law. *Hubley Mfg. & Supply Co.* v. *Ives,* 81 Conn. 244, 246, 70 A. 615; see also General Statutes § 52-1.

The plaintiff's final claim is that the court erred in concluding that the hardship imposed on the plaintiff was trifling compared to that imposed on the defendant. In view of what we have already said, there is no need to discuss this claim.

There is no error.

In this opinion the other judges concurred.