[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, Richard Jesperson and Frances Grasso, as shareholders in a Connecticut corporation called Dansea Enterprises, Inc. ("Dansea"), instituted a four count complaint in the nature of a shareholder derivative action against two defendants, Sansea, and its officer and director, Walter Ponichtera on September 15, 1988. Essentially, the plaintiffs allege that defendant Ponichtera committed various improprieties while acting in his corporate capacity. Count One sounds in wrongful conversation against defendant Ponichtera. In Count Two, plaintiffs allege that defendant CT Page 683 Ponichtera breached his fiduciary duty owed to plaintiffs by personally using corporate funds. In their third count, plaintiffs allege that defendant Ponichtera's actions constitute a violation of Connecticut General Statutes 42-110b (CUTPA). Plaintiffs' fourth count claims that defendant Dansea has failed and refused to commence an action against defendant Ponichtera.
On October 19, 1989, the court granted the defendants' motion to strike plaintiffs' third count sounding in CUTPA.
On January 10, 1990, the defendants filed their answer to plaintiffs' complaint along with a special defense of "unclean hands."
Pursuant to Connecticut Practice Book 152 et seq., the plaintiffs move this court to strike the defendants' special defense on the ground that it is legally insufficient. Plaintiffs filed a memorandum in support of their motion and the defendants filed a memorandum and supplemental memorandum in opposition.
In their defense as to all counts, the defendants allege that:
 The Plaintiffs participated in and benefited from, any alleged wrongdoing by the Defendants and are therefore barred by the doctrine of unclean hands from recovering against the defendants.
Plaintiffs challenge this special defense on the ground that the defense of "unclean hands" is a defense to equitable actions rather than against legal claims such as those asserted by the plaintiffs. Plaintiffs, however, cite no legal authority in support of their position.
The legal or equitable nature of a cause of action is ordinarily determined by the mode of recovery to be afforded. See 1 Am. Jur.2d 7. Generally, actions to recover sums of money or damages constitute actions at law. Id., see generally, Misisco v. LaMaita, 150 Conn. 680, 684 (1963) (quasi-contract claim is action at law with remedy of money damages). In this case, the plaintiffs request money damages allegedly sustained as a result of the defendants' misconduct. Accordingly, the plaintiffs' action is one at law.
Another recognized principle is that equitable defenses may be interposed against actions at law. 1 Am.Jur.2d 7. Consonant with this maxim, our supreme court concluded that: "[i]t is also well settled that equitable defenses or claims may be raised in an action at law." Kerin CT Page 684 v. Udolf, 165 Conn. 264, 269 (1973) (citing Connecticut General Statutes 52-1); see also, Grigg v. Robinson Furniture Co.,260 N.W.2d 898, 903 (Mich.App. 1978) (equitable defenses may defeat legal claims). Additionally, the district courts of Connecticut have recognized the doctrine of unclean hands in actions seeking monetary damages; see Burndy Corp. v. Teledyne Industries, Inc., 584 F. Sup. 656 (1984); and in class actions brought by a trust beneficiary against trustees and corporations in which the trusts held interest. See Matthies v. Seymour Manufacturing Co., 23 F.R.D. 64 (1958). In Matthies, the court stated that the "usual case of unclean hands is one where the plaintiff has, in some fashion, participated in the wrongdoing of which he later complains, and is precluded from relief because of the taint thus acquired." Matthies,23 F.R.D. at 93.
The defendants' special defense of unclean hands constitutes a legally sufficient defense against the plaintiffs' claims. Accordingly, the plaintiffs' motion to strike is denied.
CIOFFI, J.