[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a indemnification claim where the underlying action is in negligence. On September 18, 1987, the plaintiff, Gary David, filed a negligence claim against Monterey Village Associates Ltd., defendant and third-party plaintiff [hereinafter "Monterey Village"]. Monterey Village was the owner of the property where the plaintiff was a tenant. The revised complaint alleges that the claim arises out of injuries sustained from a fall on Monterey CT Page 6196 Village's property which was due to a hole partially obscured by grass and other growth. Monterey Village filed a special defense, asserting that the plaintiff was contributorily negligent.
On January 1, 1991, Monterey Village moved to implead Monterey Construction Company, the third-party defendant [hereinafter "Monterey Construction"] pursuant to Practice Book 117, and the motion was granted. Monterey Village subsequently filed a three-count cross-claim against Monterey Construction, alleging that under a construction contract entered into by the two parties before the time of plaintiff's fall, Monterey Construction had exclusive control over the property where the fall occurred and was obligated under the contract to indemnify Monterey Village. Counts one and two allege breach of contract and monetary damages in the form of indemnification, and count three is based on active/passive negligence. Monterey Village seeks indemnification, costs, expenses, and attorneys' fees.
Monterey Construction filed an answer and special defenses to the cross-claim. The special defenses asserted are laches, the statute of limitations, and failure to state a claim upon which relief may be granted. On April 5, 1993, Monterey Village moved (#123) to strike Monterey Construction's first special defense on grounds that laches is inappropriate in a legal claim requesting monetary damages where the claim was brought within the statute of limitations for tort and contract.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93,463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 552 A.2d 1235
(1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause of action, the motion to strike must fail (Citation omitted.)" Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980).
Monterey Village claims that General Statutes 52-576 and 577 establish a six-year statute of limitations for a contract action and a three-year statute of limitations for a tort action, CT Page 6197 respectively. Therefore, these statutes, rather than the equitable defense of laches, apply in this case. In its opposition, Monterey Construction argues that a defense of laches may bar an action at law brought within the statute of limitations. Monterey Construction further argues that equitable relief is appropriate because even if the statute did not run, Monterey Village's delay in instituting the cross-claim destroyed Monterey Construction's ability to defend the action.
General Statutes 52-1 provides that:
 The superior court may administer legal and equitable rights and apply legal and equitable remedies in favor of either party in one and the same civil trial action so that the legal and equitable rights of the parties may be enforced and protected in one action. Whenever there is any variance between the rules of equity and the rules of the common law in reference to the same matter, the rules of equity shall prevail.
"A party may . . . be barred from seeking equitable relief by the defense of laches, which applies only if there has been an unreasonable, unexcusable, and prejudicial delay." Dunham v. Dunham, 204 Conn. 303, 327, 528 A.2d 1123 (1987); Haggerty v. Parniewski, 11 Conn. App. 37, 40, 528 A.2d 984 (1987). "[I]n an equitable proceeding, a court may provide a remedy even though the governing statute of limitations has expired, just as it has discretion to dismiss for laches within the period of the statute." Dunham v. Dunham, supra, 326. Whether a party is guilty of laches is a question of fact for the trier, unless the facts make such a condition inevitable as a matter of law. Papcun v. Papcun,181 Conn. 618, 621, 436 A.2d 282 (1980).
Most of the cases in Connecticut which involve the defense of laches are equitable proceedings. See Kilduff v. Adams, 219 Conn. 593
A.2d 478 (1991) (foreclosure matter); Dunham v. Dunham, supra (specific performance sought); Bozzi v. Bozzi, 177 Conn. 232,413 A.2d 834 (1979) (action for child support payments); but see Aronson v. Foohey, 7 C.T.L.R. 534 (October 23, 1992), (defendant asserted both statute of limitations and laches to defend an action by an administrative agency for overpayment). This case is an action at law, for which there are applicable statutes of limitations in General Statutes 52-576 and 577.
"If a defense at law is inadequate, equity has jurisdiction." CT Page 6198 A M Realty v. Dohms, 217 Conn. 95, 103, 584 A.2d 466 (1991). In Kerin v. Udolf, 165 Conn. 264, 269, 334 A.2d 434 (1973), when a plaintiff asserted an equitable defense to a plaintiff's action to recover damages on a promissory note, the court noted that "[i]t is . . . well settled that equitable defenses or claims may be raised in an action at law."
However, in cases specifically addressing laches as a defense in an action at law, the cases have held otherwise. In A. Sangivanni Sons v. F.M. Floryan Co., 158 Conn. 467, 474,262 A.2d 159 (1969), when a defendant asserted laches in an action to compel arbitration, the court said that "[l]aches is purely an equitable defense, is largely governed by the circumstances, and is not imputed to one who has brought an action at law within the statutory period." The court went on to say that "under certain, circumstances, laches is not available as a defense to an action at law," but declined to define what such circumstances were. Id., 475. See also Weil v. Poulen, 121 Conn. 281, 289, 184 A. 580
(1936) (laches not appropriate when recovery awarded was at law in i contract); Golotrade Shipping Chartering Inc. v. Travelers Indemnity Co., 706 F. Sup. 214, 220 (S.D.N.Y. 1989) (in an action for damages the equitable defense of laches does not apply).
Since 52-1 allows a court to administer legal and equitable rights, and more recent cases in Connecticut give equity jurisdiction when the law does not provide an adequate remedy, pleading the special defenses of laches and the statute of limitations is sufficient as a matter of law. Monterey Construction should be permitted to attempt to prove that Monterey Village unreasonably and inexcusably delayed bringing the cross-claim such that Monterey Construction is now unable to adequately defend the lawsuit, whether or not the statute of limitations has run. Monterey Village has failed to show that asserting the defense of laches in an action at law is legally insufficient. Accordingly, the motion to strike is denied.
So Ordered.
Dated at Stamford, Connecticut this 25th day of June, 1993.
WILLIAM BURKE LEWIS, JUDGE CT Page 6199