[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Oldham Resources Group, filed a six-count revised complaint on November 22, 1993, against a former employee, Roberta Curran d/b/a NTSAA. CT Page 449
Pleadings filed by both the plaintiff and the defendant refer to the revised complaint as being filed on March 29, 1993 (Apparently, the revised complaint was never actually filed March, 1993, and the plaintiff refiled the revised complaint in November, 1993). The plaintiff's six-count complaint alleges two counts of breach of contract, two counts of unjust enrichment, and two counts of breach of employment contract. Although the complaint alleges an employment contract was attached to the revised complaint, marked as exhibit A, the contract is not attached.
In count IV of its revised complaint the plaintiff alleges that there was an employment agreement between the plaintiff and the defendant. The plaintiff alleges that the agreement provided for a biweekly draw against commission on sales made by the defendant in the amount of $2,250.00 and that "adjustments" to the draw would be made at the termination of the defendant's employment. The plaintiff alleges further that there was an overpayment of $29,738.33 made to the defendant and on or about September 21, 1992, it demanded payment of that amount.
The plaintiff alleges in count V of its revised complaint that it was entitled to the all the commissions on the second year of premiums, of certain insurance policies that the defendant sold for the plaintiff and that the defendant had kept those commissions which total $2,609.03. The plaintiff alleges that the defendant's failure to pay the plaintiff the commissions on the second year premiums is a breach of the employment contract.
On June 14, 1993, the defendant filed a revised answer, three specials defenses of estoppel, waiver and laches to both counts IV and V, and a counterclaim. In her answer the defendant denied the allegations in count IV and V.
On August 2, 1993, the plaintiff filed a motion to strike all three special defenses for insufficiency with a memorandum of law in support of the motion to strike. On August 19, 1993, the defendant filed a memorandum of law in opposition to the plaintiff's motion to strike special defenses.
A motion to strike is used to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). The motion to strike is also the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or cross-claim, or any part of that answer including CT Page 450 any special defense contained therein. . . ." Practice Book 152.
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "In deciding upon a motion to strike, a trial court must take the facts to be those alleged in the [pleadings], . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). "The legal conclusions or opinions stated in the special defense[s] are not deemed admitted but rather must flow from the subordinate facts provided." Country Fed. Sav. Loan Assn. v. Eastern, 3 Conn. App. 582, 586,491 A.2d 401 (1985), citing McAdam v. Sheldon, 153 Conn. 278, 283,216 A.2d 193 (1965).
"In ruling on . . . a motion to strike [the court has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). The court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied and fairly probable under them." Zeller v. Mark, 14 Conn. App. 651,654, 542 A.2d 752 (1988).
The plaintiff argues in its memorandum in support of its motion to strike that the defendant fails to allege sufficient facts to support her special defenses. The plaintiff argues further that the defendant pleads legal conclusions without setting forth the specific elements.
The defendant argues in her memorandum in opposition to the motion to strike that the facts alleged, and the facts necessarily implied by them, are "the only facts required to adequately plead these special defenses. . . ." The defendant argues that all the elements of her three defenses may be implied from her pleadings. She alleged that the monetary "adjustments," which were to be made upon termination of the defendant's employment, which ended in February, 1991, were not requested until September, 1992. The defendant argues that by "broadly interpreting" her pleadings the following facts are "necessarily implied": the plaintiff sent her a W-2 stating her income, which included the current disputed amount of $29,000; she paid taxes on the amount stated on the W-2 form and; that she was induced to believe that all accounts were CT Page 451 settled.
"It is . . . well settled that equitable defenses or claims may be raised in an action at law." Kerin v. Udolf, 165 Conn. 264, 269,334 A.2d 434 (1973). Further, General Statutes 52-1 provides that:
 The superior court may administer legal and equitable rights and apply legal and equitable remedies in favor of either party in one and the same civil trial action so that the legal and equitable rights of the parties may be enforced and protected in one action. Whenever there is any variance between the rules of equity and the rules of the common law in reference to the same matter, the rules of equity shall prevail.
A. First Special Defense of Laches
The defense of "`[l]aches consists of two elements. "First, there must have been a delay that was inexcusable and second, that delay must have prejudicated [sic] the defendant."'" (Citations omitted.) Emerick v. Emerick, 28 Conn. App. 794, 803-804, ___ A.2d ___ (1992).
In the defendant's first special defense to counts IV and V she alleges that:
 The plaintiff Oldham is prohibited by the doctrine of laches from asserting that monies are due and owing from defendant Curran at this time in that the alleged contract relied upon by plaintiff asserts that "adjustments" would be paid "at the end of this employment arrangement", [sic] which plaintiff has alleged ended in February, 1991.
The defendant has neither pleaded facts that allege inexcusable delay nor facts that allege she was prejudiced by an inexcusable delay, therefore, she has not alleged sufficient facts to support the defense of laches. The necessary elements for laches cannot be implied from the facts the defendant has alleged. Therefore, the motion to strike the CT Page 452 defendant's first special defense to counts IV and V is granted.
B. Second Special Defense of Estoppel
 "`Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed, . . . as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse.'" (Citations omitted.)
Emerick v. Emerick, supra. "`Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury.'" (Citation omitted.) Kimberly-Clark Corporation v. Dubno, 204 Conn. 137, 148, 527 A.2d 679 (1987).
In the defendant's second special defense of estoppel to counts IV and V she alleges that:
 The plaintiff Oldham is prohibited by the doctrine of estoppel from asserting that monies are due and owing from defendant Curran at this time in that the alleged contract relied upon by plaintiff asserts that "adjustments" would be paid "at the end of this employment arrangement", [sic] which plaintiff has alleged ended in February, 1991.
The defendant has neither alleged facts to support reliance nor a change of position pursuant to that reliance and, therefore, she has not alleged sufficient facts to support the defense of estoppel. The motion to strike the defendant's second special defense of estoppel to counts IV and V is granted. CT Page 453
C. Third Special Defense of Waiver
"`Waiver is the intentional relinquishment of a known right.'" (Citation omitted.) Novella v. Hartford Accident and Indemnity Co., 163 Conn. 552, 561, 316 A.2d 394 (1972). Waiver requires both, that there be knowledge of the right and the intention to relinquish it. Id., 562. "Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied." (Internal quotation marks omitted; citations omitted.) Loda v. H. K. Sargeant Associates, Inc., 188 Conn. 69, 76, 448 A.2d 812
(1982). "In other words, waiver may be inferred from the circumstances if it is reasonable so to do [sic]." Id.
In the defendant's third special defense to counts IV and V she alleges that:
 The plaintiff Oldham is prohibited by the doctrine of waiver from asserting that monies are due and owing from defendant Curran at this time in that the alleged contract relied upon by plaintiff asserts that "adjustments" would be paid "at the end of this employment arrangement", [sic] which plaintiff has alleged ended in February, 1991, and counterclaim defendant Oldham has admitted demand was not made until September 21, 1992.
Waiver maybe implied from surrounding circumstances. Id. Because the court must construe the facts in favor of sustaining their legal sufficiency and the dates of termination of the employment, and the demand by the defendant, are alleged, and thus the facts are sufficient to support the defense of waiver. Because there are facts sufficient to support the defense of waiver, the motion to strike the defendant's third special defense to count IV and V is denied.
Howard F. Zoarski, Judge CT Page 454