[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FORSUMMARY JUDGMENT
FACTUAL BACKGROUND
On March 17, 1993, the plaintiffs, Mark Pagano and Susan Imperati, filed a one count complaint against the defendant, Allstate Insurance Company. The complaint arises from a burglary of the plaintiffs' residence on or about February 13, 1992, when the plaintiffs sustained personal property loss. The plaintiffs had a renters insurance policy with the defendant and made a claim on or about February 14, 1992. The plaintiffs allege that the defendant has not paid the plaintiffs for their loss in breach of the defendant's contractual obligations.
On April 28, 1993, the defendant filed an answer, denying that the plaintiffs were entitled to payment under the contract, with three special defenses. The defendant alleges that the plaintiffs' action is barred because they did not comply with the contractual provision which requires that a suit be brought within one year after the date of loss; a suit was not brought "within twelve months next after inception of the loss as required under the Standard Fire Insurance Policy of the State of Connecticut"; and, the plaintiffs did not give the defendant a signed, sworn proof of loss within 60 days, as required by the policy.
On August 20, 1993, the plaintiffs filed a reply denying the allegations of the defendant's special defenses.
On August 30, 1993, the defendant filed a motion for summary judgment accompanied by a memorandum of law and five exhibits. The exhibits include a copy of the return of service on the defendant by the plaintiffs, the sheriff's affidavit of service, certification of service on the insurance commissioner, the police report, and the affidavit of the senior claim representative of the defendant.
On January 14, 1994, the plaintiffs filed a memorandum of law CT Page 6364 in objection to the defendant's motion for summary judgment with two exhibits, the affidavit of Mark Pagano, and a letter from the defendant to the plaintiffs.
DISCUSSION
The purpose of summary judgment is to determine if the pleadings and affidavits "`show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted.) Spencer v. GoodEarth Restaurant Corp. , 164 Conn. 194, 197, 319 A.2d 403 (1972). "Summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full dress trial."United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,375, 260 A.2d 596 (1969). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolanv. Borkowski, 206 Conn. 495, 500, 535 A.2d 793 (1988). The moving party has the burden of showing "the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law."Spencer v. Good Earth Restaurant Corp. , supra. "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Burnsv. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." Id.
The defendant argues in its memorandum in support of summary judgment that service of process was not made until February 16, 1993, but pursuant to the contract provisions service must have been received no later than February 14, 1993. In the defendant's motion for summary judgment it is admitted that the sheriff had the service of process in hand on February 13, 1993 and that service was made on February 16, 1993. Additionally, the defendant argues that General Statutes § 52-593 (a), which provides that a right of action will not be lost where process is served after the statutory period in certain instances, is inapplicable here. The defendant argues that § 52-593 (a) applies only to statutory limitation of actions, and that the one year limitation relevant in this action is governed by contract terms. Further, the defendant argues that the plaintiffs did not provide a "signed, sworn proof of loss within 60 days" as required by the contract provisions. Lastly, CT Page 6365 the defendant argues that because the sheriff's affidavit did not state that he received the process on February 13, 1993, the plaintiffs' service would not comply with General Statutes § 52-593, even if it did apply.
The plaintiffs argue in their memorandum in opposition to summary judgment that General Statutes § 52-593 (a) refers to actions "limited by law." Because General Statutes § 38a-290 mandates that insurance policies have a one year limitation of actions clause, the plaintiffs argue that there is a "colorable claim," that § 52-593 (a) applies to save their action. The plaintiffs argue further, that even if § 52-593 (a) does not apply, there is a question of fact as to whether the provision was tolled due to the defendant's conduct of sending a letter, in which the defendant did not notify them that the claim was denied. The letter stated that there were enclosed copies of previous correspondence, police reports, and the plaintiffs' signed statement regarding the loss. The letter additionally pointed to two sections of the policy which dealt with what to do after a loss, and suit against the company, respectively. Further, the plaintiffs argue that they relied on this letter believing that they would not be forced to initiate a lawsuit while their claim was still pending. This argument can be characterized as estoppel.
A. General Statutes § 52-593.
General Statutes § 52-593 (a) provides:
 Except in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and is served, as provided by law, within fifteen days of the delivery.
General Statutes § 38a-307 which governs the content of "The Standard Fire Insurance Policy of Connecticut" provides in relevant part: CT Page 6366
 Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.
Prior to 1948, the language of the statute read "within twelve months next after the fire"; however, "[w]ith the expansion of insurance coverage to include risks in addition to fire — for instance `theft', `lightening', `windstorm', to mention a few — it became necessary, in order to have the one-year limitation apply to such other risks, . . . that the language of the provision be broadened." Boyce v. Allstate Ins. Co., 9 CSCR 90, 91 (January 4, 1994, Corradino, J.).
"Section 52-593a applies only to limitations provided by law."Sacks Realty Co. v. Newark Ins. Co., 34 Conn. Sup. 564, 566,377 A.2d 858 (App. Sess. 1976); Flanders Pha. v. Norfolk DedhamIns., 7 CSCR 324, 325 (February 13, 1992, Hennessey, J.). "It does not purport to apply to limitations provided by contract." SacksRealty Co. v. Newark Ins. Co., supra, 566.
 "Since a provision in a fire insurance policy requiring suit to be brought within one year of the loss is a valid contractual obligation, a failure to comply therewith is a defense to an action on the policy unless the provision has been waived or unless there is a valid excuse for nonperformance; and such a condition requiring suit to be brought within one year does not operate as a statute of limitations."
(Citations omitted.) Monteiro v. American Home Assurance Co.,177 Conn. 281, 283, 416 A.2d 1189 (1979). "This condition is apart of the contract so that it controls the rights of the parties under the contract and, hence, such rights must be governed by the rules of law applicable to contracts." Id., citing Chichester v. NewHampshire Fire Ins. Co., 74 Conn. 510, 513, 51 A. 545 (1902).
In the present case, the one year limitation provision is a limitation governed by contract. General Statutes § 52-593 (a) does not apply in this instance and cannot save this action. In order CT Page 6367 to be excused from performance of a condition of a contract, the person seeking to be excused must show facts to support a valid contract defense. See Monteiro v. American Home Assurance Co., supra. The plaintiffs have not done so.
B. Estoppel
"It is . . . well settled that equitable defenses or claims maybe raised in an action at law." Kerin v. Udolf, 165 Conn. 264, 269,334 A.2d 434 (1973).
 "`Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed, . . . as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse.'"
(Citations omitted.) Emerick v. Emerick, 28 Conn. App. 794,802-803, ___ A.2d ___ (1992). "`Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury.'" (Citation omitted.) Kimberly-ClarkCorporation v. Dubno, 204 Conn. 137, 148, 527 A.2d 679 (1987).
In the present case, the plaintiffs submit the letter from the defendant to the plaintiffs as evidence that the defendant's conduct left the status of their claim uncertain, thus establishing a basis for the plaintiffs' reliance. However, the letter is unambiguous on the point that the defendant reserved all its rights and defenses in conjunction with the insurance policy. Additionally, the letter directed the plaintiffs to the one year limitation in the policy and reminded the plaintiffs that the anniversary date of the loss was February 13, 1993.
The plaintiffs have not submitted evidence to demonstrate that the defendant's conduct in sending the letter induced them to forego legal action in a timely fashion. There is no evidence from which to conclude that the defendant intended to induce the plaintiffs to act or fail to act, or that the plaintiffs changed CT Page 6368 their position in reliance on the defendant's conduct.
CONCLUSION
Because General Statutes § 52-593 (a) cannot "save" the plaintiffs' action nor can a claim of estoppel be maintained under the facts plead and evidence presented, there is no issue of material fact. Accordingly, the defendant's motion for summary judgment must be granted.
Since summary judgment is being granted for the foregoing reasons, the court does not reach the parties' arguments regarding compliance with the policy requirement of a sworn statement of loss.
Therefore, based on the foregoing the defendant's Motion For Summary Judgment (#107) is granted.
So ordered.
Michael Hartmere, Judge