[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Marilyn Richards, moves to strike the second, fourth, fifth, and sixth special defenses of defendant, Thomas O'Neil.
In her complaint, the plaintiff alleges that she worked for the Burns International Security Services Company (Burns Company); that O'Neil was her supervisor; and that another defendant, Chet Cote, also worked for the Burns Company. Further, sometime in December 1997, a coworker gave the plaintiff a love letter. At the time the plaintiff had a boyfriend, Kenneth Pickles. Cote discovered the letter and gave it to O'Neil who made several photocopies of it before returning the letter to its author. O'Neil placed a copy of the letter in the plaintiff's bicycle and mailed a copy to Pickles. Cote placed a copy on the windshield of Pickles car, and orally informed Pickles that the plaintiff was having an affair. The stress induced by the defendants' behavior caused the plaintiff to quit her job and seek medical care.
A motion to strike "admits all facts well pleaded, it does not admit conclusions or the truth or accuracy of opinions stated in the pleadings". Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985). Also, a motion to strike which resorts to facts outside of those alleged in the pleadings under attack amounts to a "speaking demurrer," and these extraneous facts are of no import. CT Page 5355Tilo Co. v. Fishman, 164 Conn. 212, 213 (1972); Stephenson, Conn. Civil Procedure, 3d ed 1997, § 726.
 I
O'Neil's second special defense alleges that the present action is barred by an agreement to arbitrate such disputes. A photocopy of the employment contract which contains the purported arbitration provisions is annexed to O'Neil's answer and incorporated therein.
The contract is between the plaintiff and her former employer. It expressly states that only the employer, "at its sole option," may require arbitration. It further provides that "only the [employer] has standing to enforce this agreement". Clearly, O'Neil, an employee, has no power under this contract to compel arbitration. There is no allegation that the Burns Company ever elected to have this matter resolved through arbitration.
The motion to strike the second special defense is granted.
 II
The fourth special defense raises the equitable defenses of waiver, estoppel, and unclean hands. O'Neil has conceded that the doctrine of unclean hands is inapplicable to this case.
The plaintiff argues that, because her claims constitute an action at law, equitable defenses are unavailable. This legal conclusion is incorrect. It is well settled that equitable defenses may be raised in an action at law. Kern v. Udolf,165 Conn. 264, 269 (1973); See also, Stephenson, Conn. Civil Procedure, 3d ed 1997, § 85d.
The motion to strike the fourth special defense is denied as to waiver and estoppel.
 III
The fifth special defense alleges that the plaintiff failed to exhaust her administrative remedies. This defense fails to state what administrative remedies the plaintiff had available. At oral argument on this motion to strike, O'Neil argued that the plaintiff should have applied for relief to the Commission on Human Rights and Opportunities (CHRO). CT Page 5356
The plaintiff's complaint sets forth a claim for tortious interference with her employment contract with the Burns Company. No administrative remedy applies to this cause of action.
A person alleging a discriminatory employment practice under G.S. § 46a-60 may file a complaint with the CHRO and obtain relief under G.S. § 46a-82. The plaintiff in this case makes no such claim.
Sexual harassment or discrimination based on gender may constitute a discriminatory employment practice under §46a-60(a)(3) or (8), but the plaintiff's complaint contains no allegations that the defendants' purported misconduct was gender driven or the product of sexual advances or requests, or of a sexual nature as required by these subsections. Consequently, the plaintiff had no recourse to the CHRO concerning her claims.
The motion to strike is granted as to the fifth special defense.
 IV
The sixth special defense merely states that O'Neil "is not liable under Connecticut law on the employment-related claim that the plaintiff purports to assert". This legal conclusion is inadequate to set forth any cognizable special defense.
The plaintiff complains of tortious interference with her employment contract, not of wrongful termination. The allegations against O'Neil are based on his purported malfeasance and not on imputed liability as Cote's supervisor.
The motion to strike the sixth special defense is granted.
Sferrazza, J.