[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 18, 2002 the court held a hearing on the accused's motion to suppress evidence of the results of chemical tests performed by the toxicology lab at the Department of Public Safety. The charge is operation of a motor vehicle while under the influence of intoxicating liquor, in violation of G.S. § 14-227a, and that statute requires that, before evidence of the chemical analysis of an accused's blood, breath or urine may be admitted into evidence, "a true copy of the test result" must have been mailed or personally delivered to the accused within 24 hours or by the end of the next regular business day after the result is known, whichever is later. The claim by the accused in his motion was that such had not occurred in this case.
The court heard evidence from both the accused and from Joel Milzoff, Ph. D., the administrative director of the lab. The former testified simply that he had never received a copy of the test results and gave his address as recorded in the records of the Department of Motor Vehicles (DMV). Dr. Milzoff testified at length as to the practices and procedures of the lab in conducting tests and providing the results thereof to an accused. He did not have direct knowledge as to the mailing of the chemical test results to this accused.
Thereafter, in denying the motion, the court placed the burden of proving its allegations on the accused, who filed it. Cf. State v.LaPointe, 237 Conn. 694, 725 (1996) ("The defendant bears the burden of proving custodial interrogation" when a motion to suppress an in-custody statement is filed.) Subsequently, the court has become aware of the decision in State v. Morelli, 25 Conn. App. 605 (1991), in which the accused filed a motion to suppress similar to the motion here. InMorelli, the court held that the state met "its burden of showing that the test results had been duly mailed to the defendant during the period specified by statute". (Emphasis added.) Id., 611. Accordingly, the court has reconsidered its denial of the motion with the burden properly allocated to the state. CT Page 13195
There was no direct evidence that the test results were mailed to the accused within the statutory period. Dr. Milzoff, however, testified that the established practice in the lab, which he supervises, is to send out the test results on the same day that they are done. A clerk supervised by Dr. Milzoff receives them promptly after they are printed and dated by the computer, and she is responsible for mailing them out. Usually, he testified, the results are available by mid-day, and they are sent out in the afternoon. The test reports in this case, which were introduced without objection for the purposes of this hearing, showed that they were printed by computer shortly after 11:00 AM, in plenty of time to be mailed that day, September 18, 2001. The address of the accused in the report was the same as that in his DMV records, albeit minus the apartment number.
From this circumstantial evidence the court infers that the state has met its burden of proving that the test reports were duly mailed within the statutory period. See Kerin v. Udolf, 165 Conn. 264, 268 (1973).
Having reconsidered its ruling, with the burden of proof placed on the state, the court reaffirms its denial of the accused's motion to suppress.
BY THE COURT
Joseph M. Shortall, J. CT Page 13196